IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1403 T

(Judge Margolis)

EL PASO LNG COMPANY, et. al.,

Plaintiff,

v.

UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the Court of Federal Claims ("RCFC") Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. At the present time, the parties have not identified any problems with this Court's jurisdiction over the issues in the complaint in the above-captioned case.

B. Consolidation. The parties agree that the case should not be consolidated with any other cases.

C. Bifurcation of trial. The parties believe that the trial of this case should not be bifurcated, and that the evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to which plaintiffs may be found to be entitled (*i.e.*, the computation of any overpayment) should be resolved after the "liability" issues (see section (h), *infra*) have been decided, and that the parties' pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will

exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation or admissions. However, after the Court resolves the liability issues, and the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. Deferral. The parties know of no reason for deferral of proceedings at this time.

E. Remand or suspension. The parties do not believe that remand or suspension is appropriate at this time. However, upon completion of discovery, if it is determined that this case is governed by the decision of the Court of Federal Claims in *CSX Corporation v. United States*, 52 Fed.Cl. 208 (2002), one or both of the parties may move to suspend proceedings in this case until there is a final decision issued in that case. Each party reserves the right to oppose any motion to suspend filed by the other party.

F. Additional parties. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. At the present time, the parties do not anticipate filing any dispositive motions.

H. Issues. The issue in this tax refund case is whether plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. See *Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F. 2d 624 (1965). In this case, plaintiffs seek a refund of Federal Insurance Contributions Act (hereinafter, "FICA") taxes, plus related interest, paid by plaintiffs with respect to certain separation payments it made to employees whose employment was terminated between 2001 and 2004. More specifically, the issues involved in this case are the following:

1. Whether the separation payments made by plaintiffs to those of their employees whose employment was involuntarily terminated between 2001 and 2004 were wages subject to FICA taxes.

2. Whether the separation payments made by plaintiffs to those of their employees whose employment was involuntarily terminated between 2001 and 2004 constituted supplemental unemployment benefits pursuant to 29 U.S.C. §

3402(o) and/or the decision in *CSX Corp. v. United States*, 52 Fed.Cl. 208 (2002), and, as such, were not wages subject to FICA tax.

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery to determine whether the facts of this case demonstrate that the plaintiffs are entitled to a tax refund under the standard articulated by the Court in *CSX*. If so, then the parties anticipate that this case might be settled or resolved by dispositive motion in accordance with the final decision in *CSX*. The parties propose that they will complete any settlement discussions on or before the date set forth for the completion of discovery, and, on or before the date, the parties will submit to the Court a status report concerning the status of possible settlement.

J. Trial. At the present time, the parties are unable to determine whether a trial will be necessary. If, at the conclusion of discovery, the parties determine that this case involves issues which are not present in *CSX*, and which would not be governed by the final decision in that case, then, in that event, it is possible that a trial will be necessary to resolve those issues. The parties propose that on or before the date set forth the completion of discovery they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit that following Discovery Plan:

a. That discovery in the above-captioned case be completed within 180 days from the date of the Court's Order establishing the discovery period.

b. That on or before the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing the status of settlement and the necessity of further proceedings.

Respectfully submitted,

05/30/06
DATE

s/Craig A. Etter
CRAIG A. ETTER, ESQUIRE
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
(703) 749-1300

Counsel for Plaintiffs

Respectfully submitted,

05/30/06
DATE

s/Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

05/30/06
DATE

s/David Gustafson
Of Counsel

Counsel for Defendants